UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANE M. ROBINSON                                      CIVIL ACTION

versus                                                NO. 06-0090

JO ANN BARNHARDT                                      SECTION: E/3
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

## ORDER AND REASONS

Cross motions for summary judgment are before the court. Plaintiff Jane Robinson's ("Robinson") motion is at record document #14; Defendant, Commissioner of Social Security Administration's ("Commissioner") motion is at record document #15. After consideration of the motions, the briefs, the record and the law, Robinson's motion for summary judgment is DENIED and the Commissioner's motion for summary judgment is GRANTED.

## BACKGROUND

Robinson was 51 years old when she applied for Disability Insurance Benefits (DIB) on March 25, 2004, alleging disability from the onset date of September 11, 2002, due to diabetes, high blood pressure, allergies, lupus, and back problems. Transcript ("Tr.") at 23-34, 36-38. After her application was denied initially and on rehearing, she requested a *de novo* hearing before an administrative law judge ("ALJ"). Tr. 22-26. A hearing was held before an ALJ on May 9, 2005, at which Robinson, represented by counsel, appeared and testified, along with a vocational expert. Tr. 403-424. On July 28, 2005, the ALJ

issued a decision denying Robinson's application for DIB. Tr. 10-15. The ALJ's decision became the Commissioner's final decision when the Appeal's Council denied Robinson's request for review on December 2, 2005. Tr. 3-5. She timely filed this civil action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for review of the Commissioner's final decision denying her application for DIB under Title II of the Social Security Act, 42 U.S.C. § 423(d).

## ANALYSIS

Judicial review of the Commissioner's final decision is limited to two inquiries: (1) whether substantial evidence of record supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. 42 U.S.C. § 405(g); Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). A finding of no substantial evidence is appropriate only if no credible evidentiary choices support the decision. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

The claimant has the burden of proving disability by establishing a physical or mental impairment lasting at least twelve months that prevents her from engaging in any substantial gainful activity. See 42 U.S.C. § 423(d)(1)(A); Cook v. Heckler, 750 F.2d 391, 393 (5th Cir. 1985). A five-step sequential process for determining disability is set out in the

Commissioner's regulations.  20 C.F.R. § 404.1520 (2006).  The rules governing this five-step process are: (1) a claimant who is engaging in substantial gainful activity will not be found disabled regardless of the medical findings;  (2) a claimant will not be found disabled unless he has a severe impairment; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work she has done in the past must be found not disabled; and (5) if the claimant is unable to perform her previous work as a result of an impairment, factors such as age, education, work experience, and residual functional capacity must be considered to determine whether she can do other work.  20 C.F.R. § 404.1520.

In this case, the ALJ found, at step five of the process, that a significant number of jobs existed in the national economy that Robinson could perform, thus she was not disabled under the applicable regulations.  Tr. 21, Finding 12.  Robinson argues (1) that substantial evidence does not support the ALJ's finding because it rests on a defective hypothetical and because the ALJ failed to follow the legal standard for assessing her residual functional capacity ("RFC"); (2) that the ALJ's assessment of her RFC was based on an incorrect assumption regarding the level of work she could perform; and (3) that the transcript of the record

is so defective as to require reversal of the ALJ's decision.

First, the court finds that the transcript of the record is not defective. Dr. Bartholomew's report, while initially omitted from the record, was added to the record by the Commissioner on September 12, 2006, along with a letter from Servpro, Robinson's employer from September 2002 through the date of the hearing. This information was before the ALJ, and is before this court. Moreover, the court does not find the "inaudible" notations in the transcript of the hearing before the ALJ render the entire record defective. There is sufficient evidence in the record, including the imperfect transcript, for this court to render a competent decision.

Second, the court concludes that substantial evidence in the record supports the Commissioner's decision that Robinson is not disabled under the applicable regulations because she could perform a significant number of jobs existing in the national economy. That determination is based on the ALJ's Finding 6, that Robinson "has the residual functional capacity to perform light work, further limited by mild to moderate pain." Tr. 14. The Fifth Circuit has held that "[a] person's 'residual functional capacity' is determined by combining a medical assessment of an applicant's impairments with description by physicians, the applicant, or others of any limitations on the applicant's ability to work." Hollis v. Bowen, 837 F.2d 1378,

1386-87 (5th Cir. 1988), *citing* Carter v. Heckler, 712 F.2d 137, 140 (5th Cir. 1983).

The ALJ expressly considered Robinson's testimony regarding the work she was actually doing during the relevant period, including the physical limitations resulting from her various medical conditions.  She further considered Robinson's medical history and Dr. Hersh's evaluation and clinical findings, and concluded that Robinson's assertions relative to her pain, functional limitations and restrictions on activities of daily living were exaggerated and not supported by the medical evidence and testimony, and were the result of her non-compliance with her medication or treatment regimen.  Tr. 12-13.  The ALJ further considered the report and testimony of the vocational expert, the information provided by Robinson's treating physician, Dr. Bartholomew, and information provided by Robinson's employer. The ALJ need not give the claimant's treating physician controlling weight if it is inconsistent with other substantial evidence in the record.  Spellman v. Shalala, 1 F.3d 357, 364-65 (5th Cir. 1993).

The court concludes that the Commissioner's decision that Robinson is not entitled to disability benefits from the onset date of September 11, 2002, is supported by substantial evidence

in the record.[1]

Accordingly,

**IT IS ORDERED** that Jane M. Robinson's motion for summary judgment is **DENIED;** and,

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment is **GRANTED.**

New Orleans, Louisiana, August 23, 2007.

                                                          _____
                                                          **MARCEL LIVAUDAIS, JR.**
                                                          Senior United States District Judge

---

[1] The court notes that On February 2, 2007, the district court granted Robinson's motion to introduce records from Social Security Administration, showing that Robinson had reapplied for and had received disability benefits for the onset date of June 1, 2006. Record document 18, Ex. A.